**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JERRY T. BOWSER, | Civil No. 06-0357 (SRC) |
| Petitioner, |  |
| v. | **OPINION** |
| ZULIMA W. FARBER, et al., |  |
| Respondents. |  |

**APPEARANCES**:

    JERRY T. BOWSER, Petitioner Pro Se
    559 Edgewood Avenue
    Trenton, New Jersey  08618

**CHESLER**, District Judge

    Jerry T. Bowser, on bail pending disposition of state criminal charges, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the failure to provide discovery, a trial, and proper legal representation.  For the reasons set forth below and because the matter is pending on appeal in the Superior Court of New Jersey, Appellate Division, the Court dismisses the Petition.

## I.  BACKGROUND

    Petitioner filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  He the following grounds:  (1) the State failed to provide pretrial discovery to his former attorney; (2) the state is failing to provide a trial and his former attorney tried to make him plead guilty; and (3) the state

failed to provide proper legal representation because his former attorney tried to make him plead guilty. Petitioner states that he filed an appeal in regard to the issues raised in the Petition, which is pending before the Superior Court of New Jersey, Appellate Division.

## II.  DISCUSSION

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
>
> . . .
>
> (c) The writ of habeas corpus shall not extend to a prisoner unless– . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(a), (c)(3).

"It is clear . . . that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A state defendant released on bail is "in custody" within the meaning of § 2241. Hensley v. Municipal Ct., 411 U.S. 345 (1973); United States ex rel. Webb v. Court of Common Pleas of Philadelphia County, 516 F.2d 1034, 1039 n.17 (3d Cir. 1975); United States ex rel. Russo v. Superior Court, 483 F.2d 7, 12 (3d Cir. 1973). A district court has subject matter

jurisdiction under 28 U.S.C. § 2241(c)(3) to entertain a pretrial petition for habeas corpus brought by a person in state custody. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Moore v. DeYoung, 515 F.2d 437, 442, 443 (3d Cir. 1975); Triano v. Superior Court of New Jersey, Law Div., 393 F. Supp. 1061, 1065 (D.N.J. 1975), aff'd 523 F.2d 1052 (3d Cir. 1975) (table). Section 2241 petitioners are not statutorily required to exhaust state court remedies, but "an exhaustion requirement has developed through decisional law, applying principles of federalism." Moore, 515 F.2d at 442.

While the Court has jurisdiction under 28 U.S.C. § 2241 to entertain Petitioner's pre-trial habeas corpus Petition, it is clear that such relief should not be granted. The problem with the Petition is that "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." Braden, 410 U.S. at 489 (quoting Ex parte Royall, 117 U.S. 241, 253 (1886)). As the Supreme Court opined in Ex parte Royall, 117 U.S. at 251,

> We are of the opinion that while the . . . court has the power to do so, and may discharge the accused in advance of his trial if he is restrained of his liberty in violation of the national constitution, it is not bound in every case to exercise such a power immediately upon application being made for the writ. We cannot suppose that congress intended to compel those courts, by such means, to draw to themselves, in the first instance, the control of all criminal

> prosecutions commenced in state courts exercising authority within the territorial limits, where the accused claims that he is held in custody in violation of the constitution of the United States. The injunction to hear the case summarily, and thereupon 'to dispose of the party as law and justice require,' does not deprive the court of discretion as to the time and mode in which it will exert the powers conferred upon it. That discretion should be exercised in the light of the relations existing, under our system of government, between the judicial tribunals of the Union and of the states, and in recognition of the fact that the public good requires that those relations not be disturbed by unnecessary conflict between courts equally bound to guard and protect rights secured by the constitution.

Ex parte Royall, 117 U.S. at 251.[1]

The proper procedure is to exhaust the constitutional claims before the state courts and to present them to this Court in a petition under 28 U.S.C. § 2254 after the claims have been exhausted. Moore, 515 F.2d at 449. As the Third Circuit observed,

> Petitioner . . . will have an opportunity to raise his claimed denial of the right to a speedy trial during his state trial and in any subsequent appellate proceedings in the state courts. Once he has exhausted state court remedies, the federal courts will, of course, be open to him, if need be, to entertain any petition for habeas corpus relief which may be presented. These procedures amply serve to protect [Petitioner]'s constitutional rights without

---

[1] See also Moore v. DeYoung, 515 F.2d at 448 ("for purposes of pre-trial habeas relief . . . a denial of speedy trial alone, and without more, does not constitute an 'extraordinary circumstance'" warranting habeas relief).

>       pre-trial federal intervention in the orderly
>       functioning of state criminal processes.

Moore, 515 F.2d at 449; see also United States v. Castor, 937 F.2d 293, 296-297 (7th Cir. 1991); Dickerson v. State of Louisiana, 816 F.2d 220, 225-227 (5th Cir. 1987); Atkins v. State of Michigan, 644 F.2d 543, 545-547 (6th Cir. 1981); Carden v. State of Montana, 626 F.2d 82 (9th Cir. 1980).[2]

As exceptional circumstances of peculiar urgency do not exist in this case, Petitioner is not entitled to a Writ of Habeas Corpus under § 2241. The Court summarily dismisses the Petition.

### III.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition for a Writ of Habeas Corpus.

                                  s/
                        STANLEY R. CHESLER, U.S.D.J.


Dated:   February 2, 2006

---

[2] In United States v. MacDonald, 435 U.S. 850, 858 (1978), the Supreme Court clarified that speedy trial claims are to be considered after the facts have developed at trial. The Court held that a defendant may not before trial appeal a federal district court's order denying his motion to dismiss an indictment for alleged violation of his Sixth Amendment speedy trial right because speedy trial claims are best considered after the facts have developed at trial. The Court observed that the Speedy Trial Clause "does not, either on its face or according to the decisions of this Court, encompass a 'right not to be tried' which must be upheld prior to trial if it is to be enjoyed at all." Id. at 861.